FILED
United States Court of Appeals
Tenth Circuit

February 4, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BENJAMIN CUSTINGER

Plaintiff – Appellant,

v.

CITY OF DERBY, KANSAS

Defendant – Appellee.

No. 14-3196
(D.C. No. 6:14-CV-01123-EFM-KMH)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

The district court granted the City of Derby's ("the City") motion to dismiss Benjamin Custinger's pro se complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. Custinger appeals this decision, arguing that the district court used false reasoning and failed to adequately consider the denial of his constitutional rights. Although Custinger did not provide a specific legal basis in support of his claim, he generally alleges that the City violated his constitutional rights. We therefore consider his claim under 42 U.S.C. § 1983. *See Hall v.*

---

[*]After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f a court can reasonably read the [pro se] pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority . . . .").

## I.     Factual and Procedural Background

Custinger alleges that, after being booked and released from a jail in the City of Derby, he took a taxi back to his apartment. As the jail had kept his belongings, Custinger arranged to pay the taxi fare the next morning.

The following morning, an unidentified Derby police officer's loud knock awakened him. Before Custinger could get up to answer the door, the police officer entered the apartment, drew his gun, and repeatedly yelled Custinger's name. Custinger got out of bed and went to speak with the officer. Upon seeing Custinger, the officer lowered his weapon and told Custinger the taxi driver was outside waiting for the fare money. Once Custinger paid the fare, the officer and taxi driver left.

On April 28, 2014, Custinger filed this action against the City. He asserted that the officer's actions violated his constitutional rights. Custinger later attached as exhibits to his Complaint filings from two earlier unrelated cases (from Derby Municipal Court and Sedgwick County District Court), claiming that these cases were further instances in which his rights were violated.

The City moved to dismiss Custinger's complaint for failure to state a claim upon which relief could be granted. The district court granted this motion. Custinger now appeals.

## II.    The Motion to Dismiss

"We review de novo the district court's granting of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013). Because Custinger is pro se, we afford his pleadings a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Having reviewed Custinger's brief, we conclude that the district court correctly granted the City's motion to dismiss. Although a municipality can be sued under § 1983, it cannot be held liable "solely because it employs a tortfeasor." *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Rather, a municipality can only be liable under § 1983 if its unconstitutional policy or custom caused the plaintiff's constitutional deprivation. *See id.* at 690, 694. A plaintiff such as Custinger can prove that such a policy of custom exists through evidence of (1) formal regulations; (2) widespread practice so permanent it constitutes a custom; (3) decisions made by employees with final policymaking authority that are relied upon by subordinates; or (4) a failure to train or supervise employees that results from a deliberate indifference to the injuries caused. *See Brammer-Hoelter v. Twin Peaks Charter Academy*, 602 F.3d 1175, 1188–89 (10th Cir. 2010).

Custinger has failed to allege facts sufficient to survive a motion to dismiss. As noted above, to do so his Complaint would need to allege facts sufficient for us to reasonably infer "1) the existence of a municipal policy or custom and 2) a direct causal link between the policy or custom and the injury alleged." *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006). Even giving his pleadings the liberal reading they are due, we cannot

-3-

reasonably make these inferences. Although Custinger's allegations may state a plausible § 1983 claim against the officer in his individual capacity, Custinger has never asserted that the officer's actions resulted from any policy or custom of the City. Absent such an allegation, he cannot obtain relief against the City under § 1983. We therefore affirm the district court's grant of the City's motion to dismiss.

ENTERED FOR THE COURT

Gregory A. Phillips
Circuit Judge